UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Prince, #95186-071, | ) C/A No. 4:07-3179-JFA-TER |
|                      Petitioner, | ) |
| vs. | ) Report and Recommendation |
| United States, | ) |
|                      Respondent. | ) |

This matter is before the court upon the filing of a petition for writ of error coram nobis by a federal prisoner (petitioner) proceeding *pro se.* Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## I. PROCEDURAL HISTORY

Petitioner was one of two brothers convicted in this Court for conspiring in a murder-for-hire scheme directed at killing two persons expected to testify against one of the brothers in connection with an earlier contract murder.

In 1996, a four-count indictment was filed charging brothers Roger Prince ("Bill") and Don Prince ("Don") with violations of 18 U.S.C. § 1958(a), the murder-for-hire statute. Counts 1 and 2 charged Bill and Don with conspiracy to travel and cause someone else to travel in interstate commerce with intent to murder Frederick "Peaches" Andrews ("Andrews") and Charlie Dorn Smith ("Smith"), respectively, in exchange for money. Count 3 charged that Don traveled in interstate commerce from North Carolina to South Carolina on December 14, 1995, with intent that the murder of Andrews be committed for $5,000. Count 4 alleged that Bill caused another to travel in interstate commerce with the intent that a murder be committed for the payment of $5,000.

Both defendants were tried before a jury in July, 1996. The jury found both defendants guilty on all counts. Don was thereafter sentenced to 120 months incarceration on Count 1; 91 months on Count 2 (these two sentences to run consecutively); and 91 months on Count 3 (to run concurrently). Don previously took an unsuccessful appeal to the Fourth Circuit Court of Appeals, where he raised numerous alleged errors at his trial. The Fourth Circuit affirmed the sentence and conviction. Don thereafter unsuccessfully sought certiorari from the United States Supreme Court. Several years after his conviction, Don filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Now, six years after his §2255 motion was filed, Don seeks this petition for writ of coram nobis.

## II. STANDARD OF REVIEW

In determining whether a court must address a petition for coram nobis relief, it is appropriate to use the same analytical framework as applied when reviewing successive habeas corpus petitions pursuant to § 2255. *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998). Due to the distinct similarities between coram nobis proceedings and §2255 proceedings, § 2255 procedure is applied by analogy in coram nobis cases. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Accordingly, this court will treat the present coram nobis proceeding in the same manner as a habeas corpus petition pursuant to § 2255.

Viewed as "essentially a remedy of last resort," Fleming, 146 F.3d at 89, a writ of error coram nobis is available only to those cases in which "errors . . . of the most fundamental character . . . rendered the proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69 (1914). Coram nobis relief is extremely rare and only granted "under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see Carlisle v. United States*, 517 U.S. 416, 429(1996) (stating that "it is difficult to conceive of a situation in a federal

criminal case today where [a writ of coram nobis] would be necessary or appropriate." (quoting *United States v. Smith*, 331 U.S. 469 (1947))). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgement, without fault of the defendant, which, if known would probably have prevented the judgment." *Morgan*, 346 U.S. at 516.

### III. DISCUSSION

In this matter, petitioner contends that his trial counsel rendered ineffective assistance to him through "the cumulative effect [of counsel's] errors, and by: failing to move for a severance, failing to inform the court that he had previously represented petitioner's co-defendant, and failing to object to the court's charge on inconsistent verdicts.

Due to petitioner's previous unsuccessful attempts at achieving post-conviction relief, this court must, before addressing the merits of the coram nobis petition, determine whether the current petition is properly before the court. *Durrani v. United States*, 294 F.Supp. 2d 204, 209 (2003); *see Morgan*, 346 U.S. at 512 (stating that coram nobis is available only when no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief); *Wills v. United States*, 654 F.2d 23 (8th Cir. 1981)5("[C]oram nobis may not be used to relitigate matters raised in a § 2255 motion.").

As noted above, courts apply the analysis used in § 2255 proceedings to determine the propriety of a coram nobis petition. *See Blanton v. United States*, 94 F.3d at 235(recognizing that "because of the similarities between coram nobis proceedings and §2255 proceedings, the § 2255 procedure is often applied by analogy in coram nobis cases."). In accordance with § 2255 procedure, the *Durrani* court devised a test to determine whether consideration of a coram nobis petition is necessary.

Under the *Durrani* test, courts will refuse to entertain a petition if: "(1) the same grounds

presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." *Durrani*, 294 F. Supp. 2d at 210; *Saunders v. United States*, 373 U.S. 1, 15(1963) (setting the standard for determining the propriety of successive habeas corpus petitions); *United States ex rel. Schnitzler v. Folette*, 406 F.2d 319, 322 (2d Cir.1969)(reversing a district court's decision to entertain a habeas corpus application when the application was factually and legally identical to one previously rejected on the merits by the Second Circuit). In *Sun v. United States*, the court acknowledged that coram nobis relief is "only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable." *Sun v. United States*, 342 F. Supp. 2d 1120, 1126 (N.D. Ga. 2004). The *Durrani* court implemented further standards upon coram nobis petitioners by noting that petitioners bear the burden to demonstrate that: "(1) sound reasons exist for his failure to seek appropriate relief earlier; (2) he continues to suffer legal consequences from his conviction that may be remedied by granting of the writ; and (3) granting such relief is necessary under the circumstances to achieve justice." *Durrani*, 294 F. Supp.2d at 212.

Applying these standards to the case at bar, it is clear that the court should not entertain the merits of the current petition. First, as noted above, petitioner unsuccessfully appealed his conviction to the Fourth Circuit. Subsequently, petitioner attempted to challenge his conviction by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which was denied as successive. Thus, petitioner had filed at least two motions to vacate. Based on this procedural history it is clear that petitioner has exhausted his opportunity to challenge his conviction. At this point, coram nobis relief would only be appropriate if the challenge were based on grounds

newly realized after a completed sentence or under a change of law. *See Sun*, 342 F. Supp. 2d at 1126. "As an extraordinary remedy, the writ of error coram nobis may not be used to relitigate matters that have already been put in issue and determined." Id. at 1126-27.

In the absence of new credible evidence or a change of law which applies to his case, petitioner's request for writ of error coram nobis is procedurally barred. *See Durrani*, 294 F. Supp.2d at 212. Therefore, because petitioner had ample opportunity on direct appeal and in his previous § 2255 petition to raise these issues this court need not address the merits of the instant petition for writ of error coram nobis.

## IV. RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without issuance and service of process.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

Florence, South Carolina  
November 29, 2007

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).