IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Don Prince, #95186-071, | ) | C/A No.: 4:07-3179-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner has filed a petition for a writ of error coram nobis contending that his attorney rendered ineffective assistance of counsel during his 1996 trial for conspiracy in a murder-for-hire scheme.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the court should not entertain the merits of the petition because it is procedurally barred. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

A writ of error coram nobis is "essentially a remedy of last resort," and uses the same

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

analytical framework as applied when reviewing successive § 2255 habeas petitions. *Fleming v. United States*, 146 F.3d 88 (2d Cir. 1998). Coram nobis relief is extremely rare and only granted "under circumstances compelling such action to achieve justice" and is available because results of the conviction can persist after the sentence has been served. *United States v. Morgan*, 346 U.S. 502, 511 (1954).

Due to petitioner's previous unsuccessful attempts at achieving post-conviction relief, the court must determine, before addressing the merits, whether the petition is properly before the court. In determining whether the current petition is properly before the court, the Magistrate Judge applied the *Durrani* test and determined that (1) the same grounds presented in the current petition were determined adversely to the petition in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the repetitive grounds in the current petition. *See Durrani v. United* States, 294 F. Supp. 2d 204, 209 (D. Conn. 2003). Thus, the Magistrate Judge concludes that the court should not entertain the merits of the current petition.

The petitioner was advised of his right to file objections to the Report and Recommendation. He filed a four-page objection memorandum[2] to the Report.

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir.

I.    BACKGROUND

The petitioner, Don Prince, was one of two brothers convicted in this court for conspiring in a murder-for-hire scheme directed at killing two persons expected to testify against one of the brothers in connection with an earlier contract murder. The petitioner was tried before an jury, convicted, and sentenced to 211 months incarceration.[3] He filed an appeal of his conviction which the Fourth Circuit affirmed.[4] Petitioner also filed an unsuccessful motion to vacate[5] his sentence under 28 U.S.C. § 2255.

II.    DISCUSSION AND PETITIONER'S OBJECTIONS

In his first objection, the petitioner asserts that the Magistrate Judge "submits an unassuming and unreasonable logic in his reasoning for recommending the court dismiss the petition." Petitioner contends that there is no Fourth Circuit precedent to support the Magistrate's recommendation. Petitioner also claims that the Magistrate Judge failed to address his allegations of outrageous conduct, entrapment, and actual innocence.

Petitioner vehemently contends that he is entitled to an evidentiary hearing. He asserts that because he paid the $350.00 filing fee, he should have his "day in court." He further suggests that "surely this court has not adopted the position of extortion, fraud and theft from the American people."

---

1985).

[3] See *United States v. Don Prince*, CR No. 3:96-122-JFA

[4] See *United States v. Don Prince*, No. 97-4329 (4th Circuit)

[5] See *Don Prince v. United States*, C/A No. 3:01-2047-JFA (D.S.C.).

3

The court has reviewed petitioner's objections and finds them to be without merit. In addition, the court sees need to hold an evidentiary hearing on the matter.

III.   CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition for writ of error coram nobis is dismissed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

April 25, 2008
Columbia, South Carolina